The Honorable Bill Clayton Speaker of the House State Capitol Austin, Texas 78701
Re: Construction of article 249c pertaining to landscape irrigation.
Dear Speaker Clayton:
You have requested our opinion concerning the construction of article 249c, V.T.C.S., which provides for the regulation of the practice of landscape architecture. You have asked us whether the Board of Landscape Architects may issue only procedural rules for practice before it. You have further asked that we reconsider our decision in Attorney General Opinion H-495 (1975) that plumbing is a profession within the disclaimer contained in section 12 of article 249c. See also Attorney General Opinion H-890 (1976). Finally, you have asked whether a licensed landscape irrigator may connect a landscape irrigation system to a raw or potable water supply and whether a licensed plumber may do so without a landscape irrigation license.
Section 4(a) of article 249c was amended in 1973 to broaden the powers of the Board of Landscape Architects. Before the amendment the Board could `promulgate procedural rules and regulations only . . . to govern the conduct of its business . . . .' Section 4(a) presently provides that:
 The board shall promulgate procedural rules and regulations . . . to govern the conduct of its business and proceedings, and setting standards governing the connections to any public or private water supply system by a landscape irrigator.
 Clearly, the Board is now authorized to adopt regulations setting standards for the connection to water supply systems by its licensees; to that extent its rule making authority is not limited to procedural matters.
In H-495 we decided that plumbing was within the meaning of `profession' as used in section 12 of article 249c, which provides in part:
 [P]rovided however, that this Act shall not be construed as repealing or amending any laws affecting or regulating any other profession.
Consequently, we decided that a landscape architect could not perform work which was within the definition of `plumbing' contained in article 6243-101, V.T.C.S., for section 14 thereof prohibits such unlicensed practice. Attorney General Opinion H-495 was issued on January 15, 1975, at the beginning of the regular session of the 64th Legislature. The statutes were not amended, and in light of this apparent legislative acquiesence we reaffirm our construction of section 12 of article 249c.
As noted in Opinion H-495, section 2(a)(2) of article 6243-101 defines `plumbing' to include:
 [T]he installation, repair and maintenance of all piping, fixtures, appurtenances and appliances in and about buildings where a person or persons live, work or assemble, for a supply of gas, water, or both, or disposal of waste water or sewage.
The connection of pipes to a water supply is clearly within this definition if it takes place `in and about buildings where a person or persons live, work or assemble.' Subject to certain exceptions, only a licensed plumber may make such installations. V.T.C.S. art. 6243-101, §§ 3, 14. Where the installation is not `in and about' such buildings it may come within the definition of landscape irrigation under article 249c. See Sec. 5. Where it is so classified, with some exceptions, only a licensed landscape irrigator may make the connection. V.T.C.S. art. 249c, §§ 2, 5(b). We are fully aware of the overlapping nature of the statutory definitions and the ambiguities resulting therefrom, but under section 12 of article 249c, the definition of `plumbing' must predominate.
 SUMMARY
The Board of Landscape Architects may promulgate regulations setting standards for connections to water supply systems which are applicable to its licensees. `Plumbing' is a profession within section 12 of article 249c. Where connection to water supply systems constitutes `plumbing' under article 6243-101, generally only a licensed plumber may make the connection. Where it does not constitute `plumbing' and is `landscape irrigation' under article 249c, generally only a landscape irrigator may make the connection.
Very truly yours,
Hill signature
John L. Hill
Attorney General
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee